# CV 16          1456

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 MAR 24  PM 2: 57

-------------------------------------------------------------------

JUDY ROSENTHAL,

Docket No. :

U.S.

Plaintiff,

**Notice of Removal**

-against-

## MATSUMOTO, J.

CAESARS ENTERTAINMENT CORPORATION,

Defendant.

## ORENSTEIN, M.J.

-----------------------------------------------------------------X

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT** FOR THE EASTERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that, on the March 24, 2016, the defendant, HARRAH'S

ATLANTIC CITY PROPCO i/s/h/a CAESARS ENTERTAINMENT CORPORATION,

filed a Petition for Removal of this action from the Supreme Court, Queens County, to the

United States District Court, Eastern District of New York, pursuant to 28 U.S.C.A.

1446(a), a copy of which is annexed hereto as Exhibit "A".

Dated: New York, New York
March 24, 2016

CAMACHO MAURO MULHOLLAND, LLP

Christopher C. Mauro
Attorneys for Defendant Caesar's
Entertainment Corporation
40 Wall Street, 40th Floor
New York, New York 10005
(212) 947-4999
Our File No.: HARY-4033-C

To:  (See Affidavit attached)

MATSUMOTO, J.

*EXHIBIT A*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

JUDY ROSENTHAL,                                    Docket No.:

                                    Plaintiff,     *Petition for Removal*

            -against-

CAESARS ENTERTAINMENT CORPORATION,

                                    Defendant.
---------------------------------------------------------------------X

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

The Petitioner, HARRAH'S ATLANTIC CITY PROPCO i/s/h/a CAESARS ENTERTAINMENT CORPORATION, defendant in this action, by its attorneys, CAMACHO MAURO MULHOLLAND, LLP, respectfully shows this Court:

1.      The Petitioner is the defendant in the instant action.

2.      An action was commenced by a summons and complaint dated February 11, 2016, against the Petitioner in the Supreme Court, County of Kings, entitled *JUDY ROSENTHAL v. CAESARS ENTERTAINMENT OPERATING COMPANY,* a copy of the summons and complaint is annexed hereto as Exhibit "A".

3.      Defendant Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation, was served on March 14, 2016.  A copy of the proof of service is annexed hereto as Exhibit "B".

4.      Attached hereto as Exhibit "C" is a copy of defendant Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation's answer.

5.      The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one that may be removed to this Court by Petitioner, the defendant herein, pursuant to the provision of 28 U.S.C. §1441,

in that it is a civil action and the plaintiff alleges that the matter in controversy exceeds the value of $75,000.00 (seventy-five thousand dollars) exclusive of interest and costs, and is between citizens of different states.

6.    The plaintiff resides in the State of New York, County of Kings.

7.    Petitioner, Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation, at the time the action was commenced, was and still is a corporation organized exclusively under the laws of the State of New Jersey and having its principal place of business in Atlantic City, New Jersey.

8.    WHEREFORE, petitioner Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation, prays that the action now pending against it in the Supreme Court of the State of New York, County of Kings, be removed therefrom to the United States District Court for the Eastern District of New York, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
       March 24, 2016

                                CAMACHO MAURO MULHOLLAND, LLP


                                _____
                                Christopher C. Mauro
                                Attorneys for Defendant Caesar's
                                Entertainment Corporation
                                40 Wall Street, 40th Floor
                                New York, New York 10005
                                (212) 947-4999
To: (See Affidavit attached)    Our File No.: HARY-4033-C

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

Nicolina Brown, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on March 24, 2016, deponent served the within *Notice of Removal & Petition for Removal* upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York:


TO:
Mark Goldstein
Goldstein & Goldstein
26 Court Street, 20th Floor
Brooklyn, NY 11242
(718) 855-0551
Attorneys for Plaintiff



_____
Nicolina Brown

Sworn to before me this
24th day of March, 2016

_____

CHRISTOPHER C MAURO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MA6331829
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES OCT 13, 2019

*EXHIBIT A*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------X

JUDY ROSENTHAL

                Plaintiff,

      -against-

CAESARS ENTERTAINMENT CORPORATION and
HARRAH'S ATLANTIC CITY PROPCO,INC.

              Defendants,

-------------------------------------------------------------X

Index No.:  2527/2016

Filed 3/3/2016

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.

## To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:

          BROOKLYN, NEW YORK
          February 11, 2016

          MARK I. GOLDSTEIN
          GOLDSTEIN & GOLDSTEIN
          Attorneys for Plaintiff
          JUDY ROSENTHAL
          26 Court Street, 20th Floor
          Brooklyn, New York 11242
          (718) 855-0551
          Our File No. 15-10951

TO:    HARRAH'S ATLANTIC CITY PROPCO, INC.

       CAESARS ENTERTAINMENT CORPORATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
JUDY ROSENTHAL

        Plaintiff,

-against-

CAESARS ENTERTAINMENT CORPORATION and
HARRAH'S ATLANTIC CITY PROPCO,INC.

        Defendants,
----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **GOLDSTEIN & GOLDSTEIN**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1.    That this action falls within one or more of the exemptions set forth in CPLR §1602.

2.    That at all times herein mentioned, Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.    That at all times herein mentioned, Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.** was and still is a foreign corporation duly authorized to do business in the State of New York.

4.    That at all times hereinafter mentioned, Defendant **CAESARS ENTERTAINMENT CORPORATION** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.    That at all times herein mentioned, Defendant **CAESARS ENTERTAINMENT CORPORATION** was and still is a foreign corporation duly authorized to do business in the State of New York.

6.    That on August 10, 2015, and at all times herein mentioned, Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.** owned the premises located at 777 Harrahs Blvd., Atlantic City, NJ 08401. including the foyer area of the Grand Lobby near the casino.

7.    That on August 10, 2015, and at all times herein mentioned, Defendant **CAESARS ENTERTAINMENT CORPORATION** owned the premises located at 777 Harrahs Blvd., Atlantic City, NJ 08401. including the foyer area of the Grand Lobby near the casino.

8.    That on August 10, 2015, and at all times herein mentioned, Defendants **HARRAH'S ATLANTIC CITY PROPCO, INC.** and **CAESARS ENTERTAINMENT CORPORATION** owned the premises located at 777 Harrahs Blvd., Atlantic City, NJ 08401. including the foyer area of the Grand Lobby near the casino.

9.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were operated by Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.**.

10.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were operated by Defendant **CAESARS ENTERTAINMENT CORPORATION**.

11.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were operated by Defendants **HARRAH'S ATLANTIC CITY PROPCO, INC.** and **CAESARS ENTERTAINMENT CORPORATION**.

12.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were managed by Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.**.

13.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were managed by Defendant **CAESARS ENTERTAINMENT CORPORATION**.

14.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were managed by Defendants **HARRAH'S ATLANTIC CITY PROPCO, INC.** and **CAESARS ENTERTAINMENT CORPORATION**.

15.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were controlled by Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.**.

16.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were controlled by Defendant **CAESARS ENTERTAINMENT CORPORATION**.

17.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were controlled by Defendants **HARRAH'S ATLANTIC CITY PROPCO, INC.** and **CAESARS ENTERTAINMENT CORPORATION**.

18.    That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were maintained by Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.**.

19.     That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were maintained by Defendant **CAESARS ENTERTAINMENT CORPORATION**.

20.     That on August 10, 2015, and at all times herein mentioned, the aforesaid premises were maintained by Defendants **HARRAH'S ATLANTIC CITY PROPCO, INC.** and **CAESARS ENTERTAINMENT CORPORATION**.

21.     That at all times hereinafter mentioned, the Defendant **HARRAH'S ATLANTIC CITY PROPCO, INC.** repaired the aforesaid premises.

22.     That at all times hereinafter mentioned, the Defendant **CAESARS ENTERTAINMENT CORPORATION** repaired the aforesaid premises.

23.     That at all times hereinafter mentioned, the Defendants **HARRAH'S ATLANTIC CITY PROPCO, INC.** and **CAESARS ENTERTAINMENT CORPORATION** repaired the aforesaid premises.

24.     On August 10, 2015 Plaintiff **JUDY ROSENTHAL** was lawfully on the aforesaid premises.

25.     That on August 10, 2015, Plaintiff **JUDY ROSENTHAL** was a lawful pedestrian at the above-mentioned location.

26.     That on August 10, 2015, while Plaintiff was lawfully at the aforesaid location, Plaintiff was caused to slip and fall and sustain severe and permanent injuries.

27.     The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises.

28.     That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

29.     That by reason of the foregoing, Plaintiff **JUDY ROSENTHAL** was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

30.     That by reason of the foregoing, Plaintiff **JUDY ROSENTHAL** was damaged in an amount which exceeds jurisdictional limitations.

**WHEREFORE,** Plaintiff **JUDY ROSENTHAL** demands judgment against the Defendants in an amount which exceeds jurisdictional limitations, together with costs and disbursements of this action.

Yours, etc.

**GOLDSTEIN & GOLDSTEIN, P.C.**

By: _____

       MARK I. GOLDSTEIN
Attorneys for Plaintiff
Office & P.O. Address
26 Court Street - Suite 2005
Brooklyn, New York 11242
Our File No. 15-10951

## ATTORNEY'S VERIFICATION

**MARK I. GOLDSTEIN,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GOLDSTEIN & GOLDSTEIN, attorneys of record for Plaintiff,

**JUDY ROSENTHAL.** I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.


DATED:      Brooklyn, New York
            February 11, 2016


—————————————————————
**MARK I. GOLDSTEIN**

State of New York - Department of State
Division of Corporations

Party Served:                          Plaintiff/Petitioner:
 CAESARS ENTERTAINMENT CORPORATION      ROSENTHAL, JUDY


 CORPORATION SERVICE COMPANY
 80 STATE STREET
 ALBANY,   NY 12207-2543


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/08/2016 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                            Very truly yours,
                                        Division of Corporations

*EXHIBIT B*

# Corporation Service Company ®

## NOTICE OF SERVICE OF PROCESS

## Transmittal Number: <u>14909589</u>
(Click the Transmittal Number to view your SOP)

*For more information on instant access to your SOP, click <u>Sign Me Up</u>.*

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Caesars Entertainment Corporation |
| **Entity I.D. Number:** | 1720993 |
| **Entity Served:** | Caesars Entertainment Corporation |
| **Title of Action:** | Judy Rosenthal vs. Caesars Entertainment Corporation |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Kings County Supreme Court, New York |
| **Case/Reference No:** | 2527/2016 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 03/14/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | State of New York - Department of State - 03/08/2016 |
| **How Served:** | Certified Mail |

**Sender Information:**
Goldstein & Goldstein, P.C.
718-855-0551

**Primary Contact:**
Service of Process Box
Caesars Entertainment Corporation

**Copy of transmittal only provided to:**
Erin Hansen
Alicia Rocha
Jennifer Sanderson
Dina Brown

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit <u>www.cscglobal.com</u> for more information related to CSC's Litigation and Matter Management

*EXHIBIT C*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
JUDY ROSENTHAL,                                          Index No.: 13445/15

                                    Plaintiff,           *Answer*

                -against-

CAESARS ENTERTAINMENT CORPORATION,

                                    Defendant.
-----------------------------------------------------------------------X

     Defendant, Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation, by its attorneys CAMACHO MAURO MULHOLLAND, LLP, as and for its answer to the plaintiff's complaint, respectfully alleges:

1. Denies and leaves all matters of law to The Honorable Court.

2. Denies.

3. Denies.

4. Denies.

5. Denies.

6. Admits.

7. Denies.

8. Denies.

9. Denies.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

14. Denies.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

24. Admits.

25. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

26. Denies upon information and belief.

27. Denies.

28. Denies.

29. Denies.

30. Denies and leaves all matters of law to The Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of

frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Pursuant to CPLR Article 16, the liability of defendant, Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation , to the plaintiff herein for non-economic loss is limited to defendant, Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.  Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.  But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in

the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendant, for whose acts said defendant is not liable or responsible and not as a result of any negligence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This defendant is entitled to a set-off if any tort feasor has or will settle with plaintiffs pursuant to G.O.L. 15-108.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The within action is barred or limited in accordance with the provisions of the Comparative Negligence Act and the N.J.S.A. 2A:15-5.1, et. seq.

WHEREFORE, defendant, Harrah's Atlantic City Propco, LLC i/s/h/a Caesars Entertainment Corporation, demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York          CAMACHO MAURO MULHOLLAND, LLP
       March 24, 2016

                                   _____
                                   Christopher C. Mauro
                                   Attorneys for Defendant
                                   40 Wall Street, 40th Floor
                                   New York, New York 10005
                                   (212) 947-4999
To: (See Affidavit attached)        Our File No.: HARY-4033-C

Index No.:
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

---

**JUDY ROSENTHAL,**

Plaintiff,

-against-

**CAESARS ENTERTAINMENT CORPORATION and**
**HARRAH'S ATLANTIC CITY PROPCO, INC.**

Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**GOLDSTEIN & GOLDSTEIN**
*Attorneys for Plaintiff*
26 Court Street, 20th Floor
Brooklyn, New York 11242
(718)855-0551

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested

PLEASE SIGN THE TOP OF THE ENVELOPE TO THE RIGHT OF THE PREPRINTED ADDRESS FOR MAILING TO THE

**USPS CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8969 0059 7935 0755 47

20160310042Ø
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543